# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:07cv62

| | |
|---|---|
| TEMPLETON PROPERTIES, L.P., | )<br>) |
| Petitioner, | )<br>) |
| Vs. | ) MEMORANDUM AND<br>) RECOMMENDATION |
| TOWN OF BOONE; and TOWN OF<br>BOONE BOARD OF ADJUSTMENT, | )<br>)<br>) |
| Respondents. | )<br>) |

**THIS MATTER** is before the court upon petitioner's Motion to Remand to State Court. Having carefully considered petitioner's Motion to Remand to State Court and reviewed the pleadings, including respondents' Response, the court enters the following findings, conclusions, and Recommendation.

## FINDINGS AND CONCLUSIONS

**I.  Background**

This action involves denial of an application for special use permit made by petitioner and denied by the Town of Boone by and through its Board of Adjustment, defendants herein. Although all parties to this action are in agreement that petitioner used the proper appellate procedure by filing its Application for Writ of Certiorari with the North Carolina General Court of Justice, Superior Court Division, Watauga County, respondents contend that this court has original jurisdiction over the case inasmuch as petitioner asserted in its petition violation of the fourteenth amendment

1

to the United States Constitution. In moving to remand, petitioner does not dispute that it has asserted a federal constitutional claim (Docket Entry #9, at 2), but in the same paragraph goes on to argue that respondents' acts "violate a procedural mandate of its Unified Development Ordinance [hereinafter UDO]." Id. In moving to remand, petitioners have not filed a supporting brief and the motion contains no citations of any case authority. While not mentioned in any of the briefs, the court will consider whether any of the doctrines of abstention counsel remand.

**II.     Motion to Remand**

    **A.     Factual Setting**

For the limited purpose of the pending motion, the undersigned has considered and taken as true the allegations in the plaintiff's Petition. In the Petition, petitioner contends that it owns approximately 2.906 acres of land, the use of which is governed by defendants' UDO. Petition, at ¶ 3. Such property is zoned R-1, and pursuant to the UDO, petitioner's proposed use of the property as a medical clinic is permissible if petitioner obtains a special use permit. Id.

On September 28, 2006, petitioner applied for a special use permit, and on January 4, 2007, such permit was considered by respondent Board of Adjustment. Id., at ¶ 4. Despite a recommendation from such respondent's staff that the application was complete, the Board determined that the application was incomplete due to issues remaining unresolved as to a dumpster, lighting, and an easement. Id. During the public comment period, the Mayor of Boone - - who owned property thereto adjacent - - commented that she was surprised that such a commercial use was

authorized for property zoned R-1 and commented that such needed to be changed. Id. Such application was found by the Board to be incomplete. Id.

Thereafter, on March 1, 2007, petitioner submitted a revised application for a special use permit, which the undersigned will denominated as the "second application." Id., at ¶ 5. The second application reduced the square footage of the office to a size which is permitted in R-1 zoning districts under the UDO. Id. While this application was pending, and after the meeting where the mayor objected to such a use, respondent Town amended the UDO to eliminate the use which petitioner sought, and that such special use is no longer available in Boone for property zoned R-1. Id. It is petitioner's contention, however, that its proposed use of the property for a medical office remains permissible inasmuch as its application was pending at the time of the amendment to the UDO. Id.

The second application was heard by the Board on April 5, 2007, and was continued to May 1, 2007, when the hearing was concluded. Id., at ¶ 7. At that final meeting, the Board voted unanimously that petitioner's application was complete and that it complied with all the requirements of the Chapter 74(a)(2) of the UDO. When the application was brought to a vote for approval for use as a medical clinic with conditions, as provided in Chapter 75, the motion failed on a three-to-five vote of the Board. Id.

Petitioner contends that under the UDO, where the Board concludes that all the requirements of the UDO are met, which it did, the Board is obligated to issue the special use permit unless it adopts a motion to deny the application for one or more

reasons as set forth under Section 69(c) of the UDO, or it concludes that the application is incomplete, or that the development would not comply with one or more of the requirements of the UDO. Id., at ¶ 8. It is petitioner's contention that none of these conditions existed, and that the Board was obligated to issue the special use permit. Id.

Based on such allegations, petitioner contends that the Board's denial of its special use permit was erroneous because: (1) the application was approved as a matter of law; (2) the decision was arbitrary and capricious and unreasonable, that it was not supported by material evidence, and that it was not supported by findings of fact; and (3) the decision violated "Petitioner's federal and state constitutional rights of due process and equal protection of the law." Id., at ¶ 10.

For relief, petitioner seeks issuance of a *Writ of Certiorari*, which the Superior Court issued prior to removal, a declaration that petitioner's state and federal due process and equal protection rights have been violated, a declaration that the special use permit be issued, and for costs and fees. Id., at 6-7.

As a matter of law, the relief sought appears to be declaratory and, in addition to or in the alternative, relief allowable within the discretion of the court.

**B.     Removal and Motion to Remand**

Respondents removed this action to federal court in accordance with 28, United States Code, Sections 1331 & 1441(b), asserting the original jurisdiction of this court. Specifically, respondents contend that this court has original jurisdiction over petitioner's claims that respondents' violated the fourteenth amendment to the United

4

States Constitution. Respondents assert that it would be appropriate for this court to address the supplemental state law claims under 28, United States Code, Section 1367(a).

C. **Discussion**

What is patently clear from the briefs is that respondents properly removed this action to this court inasmuch as this court has original jurisdiction over claims that respondents violated the fourteenth amendment to the United States Constitution. In moving to remand, petitioner failed to file a supporting brief or cite the court to any case law that would support its contention that the issue is a state procedural matter which does "not rise to the level of a case which involves a federal question . . . ."

Had petitioner briefed its motion, it may have come across a line of cases from the Court of Appeals for the Fourth Circuit that began in 1974. In Fralin & Waldron, Inc. V. City of Martinsville, Va., the 493 F.2d 481 (4th Cir. 1974),the property owner brought a federal cause of action against the city, which had denied its application for a special use permit. The appellate court held that the allegations of the Complaint

> raise legitimate questions involving municipal zoning ordinances, the correct construction of local land use law as to special use permits, and the delineation of the proper scope and exercise of local administrative discretion. Understandably, the courts of Virginia have extensive familiarity and experience with such matters, and we believe that they should have the initial opportunity to pass upon them. A state adjudication may well avoid the necessity of a decision on the federal constitutional question presented as well as avoid needless friction in federal-state relations over the administration of purely state affairs. We conclude that the requisite special circumstances warranting abstention are present here . . . .

5

Id., at 482-83 (citations omitted). The appellate court went on to hold that

> should the state courts hold against appellant on the questions of local law, it may nevertheless return to the federal court for an adjudication of its federal contentions if it preserves its right to do so.

Id., at 483.

The decision in Fralin & Waldron, Inc., was cited as a basis for the more recent decision of the district court in Golden Leaf Land Trust v. Board of Supervisors of Albemarle County, Virginia, 2002 WL 982375 (W.D.Va. 2002).[1] That decision is precisely on point and counsels the appropriate disposition of the pending motion. In Golden Leaf, plaintiffs land owners, intending to use their land for a Home Depot store, made application for a critical slope waiver to the County Site Plan Review Committee. After such waiver was rejected by the county authorities, plaintiffs filed a "Petition for Approval of Site Plan" with the Circuit Court of Albemarle, Virginia, which was removed to federal court by the county defendants. On consideration of defendant's Motion to Dismiss and plaintiff's Motion to Amend and Remand, the district court held in pertinent part, as follows:

> In *Burford v. Sun Oil Co.*, the Supreme Court held that a district court, sitting in equity, may decline to exercise its jurisdiction to demonstrate "proper regard for the rightful independence of state governments in carrying out their domestic policy." 319 U.S. 315, 318 (1943)(internal quotations and citation omitted). Under the *Burford* abstention, a federal court should abstain from exercising jurisdiction when it can avoid "interfering with a complex state regulatory scheme concerning important matters of state policy for which impartial and fair administrative determinations subject to expeditious and adequate judicial review are afforded." *Browning-Ferris, Inc. v. Baltimore County*, 774 F .2d 77, 79 (4th Cir.1985). The Fourth Circuit favors

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

application of this type of abstention particularly in cases involving the interpretation and application of state and local land use laws. *See e.g. Caleb Stowe Associates, Ltd. v. County of Albemarle, VA.*, 724 F.2d 1079, 1080 (4th Cir.1984) (holding abstention proper where "all of the plaintiffs' state and federal claims necessarily depend upon the construction of state land use law concerning the scope of authority of local planning bodies and Boards of Supervisors, the proper interpretation of state and local land use law and county zoning practices and procedure"); *see also Fralin & Waldron, Inc., v. City of Martinsville*, 493 F.2d 481, 482 (4th Cir.1974) (holding that state courts should have the initial opportunity to pass upon issues related to proper scope of local administrative discretion in local land use laws).

The court finds that the facts of this case fit squarely into the *Caleb Stowe* line of cases. Here, as in *Caleb Stowe*, the "very narrow inquiry" required of the court involves a determination of the lawfulness of the board's denial of the site plan and critical slope waiver. *See* 724 F.2d at 1080. The court is being asked to determine the "proper scope" of local administrative discretion which is a task better suited and more properly handled by state courts. *See* 493 F.2d at 482.

The defendant argues that the court should reach the merits of the plaintiffs' § 1983 claim and dismiss it with prejudice as was done in *Gardner v. City of Baltimore Mayor and City Council, et al* ., 969 F.2d 63 (4th Cir.1992). In *Gardner*, a developer and property owners claimed they were denied substantive due process when city officials failed to approve residential development proposals. The Fourth Circuit affirmed summary judgment in favor of the city officials, finding that because the land use regulations granted discretion to city officials regarding proposal approvals, the appellants had no protected property interest on which to base their due process claim. *Id.* at 69.

The *Gardner* court's decision to address the merits on appeal, rather than follow the *Caleb Stowe* approach, where the Fourth Circuit ordered a local land-use case remanded on abstention grounds after a bench trial had taken place, speaks to an efficient use of judicial resources. *See Caleb Stowe*, 724 F.2d at 1080 ("[T]he parties failure to urge abstention on appeal does not prevent us from applying it at our own instance.") It does not, however, in this court's view, create a mandate to district courts to reject abstention in local land-use cases.

Indeed, firm support in favor of abstention can be found in the language of the *Gardner* opinion. In particular, the *Gardner* court noted that "**[r]esolving the routine land-use disputes that inevitably and constantly arise among developers, local residents, and municipal officials is simply not the business of the federal courts.**" 969 F.2d 63, 67 (4th Cir.1992). The Fourth Circuit further remarked that the resolution of such decisions "properly rest [s] with the community that

> is ultimately--and intimately--affected." See id. at 68.
>
> Concurring with this reasoning, the court believes that resolution of the issues in this case more properly rests with the state court. However, in light of the plaintiffs' motion to amend and remand, the court need not base its remand on abstention grounds.

Id., at 5-6 (emphasis added).

Unlike Golden Leaf, where plaintiffs recognized their error in pleading an unnecessary constitutional claim, in this case petitioner has failed to move to amend its Complaint to eliminate the federal claim that caused removal. "A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) . . . ." *Moore's Federal Practice, 3d,* § 41, 21[2] (citing First Am. Bank of Virginia, 64 F.3d 659 (table), 1995 WL 507264 (4th Cir. 1995)). Fortunately, the district court goes on in Golden Leaf to note the proper procedure where a plaintiff fails to move to amend, which would require invoking abstention to have the matter returned to state court:

> Were the court to abstain and remand the case, it would have to enter a stay to await the conclusion of state proceedings rather than dismissing the action entirely, as the plaintiffs sought damages in addition to equitable relief. *See Front Royal and Warren County Industrial Park Corp. v. Town of Front Royal, Va.*, 135 F.3d 275, 282 (4th Cir.1998) (noting that the Supreme Court declared in *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), that dismissal based on abstention "is appropriate only where the relief sought is equitable or otherwise discretionary," otherwise a court should retain jurisdiction pending completion of state proceedings).

Golden Leaf, supra, at f.n. 4.

In this case, all of petitioner's state and federal claims pivot upon the construction of municipal land use law, the actions of public boards concerning such laws, and the proper interpretation of land use law by local zoning authorities. The

undersigned finds, therefore, that this matter should be remanded to state court based not on the arguments contained in petitioner's motion, but upon the well developed doctrine of abstention as developed in the Fourth Circuit. Inasmuch as petitioner does not seek any relief other than equitable and discretionary relief, see Petition, at 9-10, the undersigned will further recommend that the federal claim be dismissed without prejudice. Finally, the undersigned will recommend that petitioner's request for its costs upon removal be denied inasmuch as it was petitioner's federal claim, which it now states did "not rise to the level of a case which involve a federal question" (Docket Entry 9, at 3), which provided just cause for the removal.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that petitioner's Motion to Remand to State Court (#9) be **ALLOWED,** that petitioner's federal claim contained in the petition be **DISMISSED** without prejudice, that the parties bear their own costs in this matter, and that this action be **REMANDED** to the North Carolina General Court of Justice, Superior Court Division, Watauga County.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. Failure to file objections to this Memorandum and Recommendation with

9

the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

```
                                        Signed: February 4, 2008
```

Dennis L. Howell
United States Magistrate Judge